IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald Babb, | C/A No. 0:19-487-JFA-PJG |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

This matter arises under the Federal Tort Claims Act ("FTCA") and comes before the court pursuant to 28 U.S.C. § 636 and Local Civil Rule 73.02(B)(2) (D.S.C.) on the defendant's ("Government's") motion to bifurcate (or sever) the plaintiff's claims and transfer some of the claims to the "appropriate" district in North Carolina. The plaintiff is an inmate in the federal Bureau of Prisons ("BOP") and asserts claims of negligence and medical malpractice against the Government. For the reasons that follow, the Government's motion is denied. (ECF No. 16.)

Pertinent here, the plaintiff's claims arise out of a shoulder injury he sustained while an inmate at the Federal Correctional Institution in Estill, South Carolina. The plaintiff alleges that the Government was negligent in failing to timely treat his injury. Eventually, medical personnel at FCI-Estill determined that the plaintiff needed shoulder surgery and transferred him to the Federal Correctional Complex in Butner, North Carolina for the physicians there to perform the surgery. However, the surgery was delayed for over eleven months after his arrival there.

As the plaintiff points out, the Government does not dispute that venue is proper in the District of South Carolina with respect to events that occurred here. See generally 28 U.S.C. § 1402(b) ("Any civil action on a tort claim against the United States . . . may be prosecuted only in

the judicial district where the plaintiff resides or wherein the act or omission complained of occurred.");[1] (see also Def.'s Mem. Supp. Mot. Transfer at 4, ECF No. 16 at 4). Rather, it contends that venue is appropriate in North Carolina with regard to the acts and omissions complained of there.

Under the applicable venue statute, venue for a tort claim against the United States may properly lie in more than one judicial district. See, e.g., Morris v. United States, No. 2:13-cv-02246, 2013 WL 6623886, at *2 (W.D. La. Dec. 16, 2013) (recognizing in an FTCA case where a BOP inmate was alleged to have received inadequate medical care at two BOP facilities that venue was proper in the Northern District of Florida and the Northern District of Texas where the acts or omissions occurred and in the Western District of Louisiana where the decedent's personal representative resided). Accordingly, venue is proper in this district. Therefore, whether to sever the plaintiff's claims and transfer the ones based on alleged omissions that occurred in North Carolina is a determination to be made under § 1404(a) and is within the sound discretion of the court. See Dicken v. United States, 862 F. Supp. 91, 92 (D. Md. 1994) (finding that transfer of venue was discretionary under § 1404(a) where venue was proper in two districts under § 1402(b)); Grayson Consulting, Inc. v. Cathcart, No. 2:07-CV-02992-DCN, 2014 WL 1512029, at *2 (D.S.C. Apr. 8, 2014) ("Under Rule 21, 'a court has virtually unfettered discretion in determining whether or not severance is appropriate.' ") (quoting 17th St. Assocs., LLP v. Markel Int'l Ins. Co. Ltd., 373 F. Supp. 2d 584, 604 n.9 (E.D. Va. 2005)).

---

[1] Cf. 28 U.S.C. § 1391 (containing the general venue statute which includes in subsection (b)(2) a provision laying venue in "a judicial district in which a *substantial part* of the events or omissions giving rise to the claim occurred") (emphasis added).

Courts generally apply four factors in considering whether to exercise their discretion to change venue. See generally 28 U.S.C. § 1404(a); see also Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc., 791 F.3d 436, 444 (4th Cir. 2015). They include: "(1) the weight afforded to [the] plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." Trustees, 791 F.3d at 444. Court have recognized that unless the balance is strongly in the defendant's favor, the plaintiff's choice of forum should not be disturbed. Collins v. Straight, Inc., 748 F.2d 916, 921-22 (4th Cir. 1984).

Here, the factors weigh against severance[2] and transfer. Cf. Morris, 2013 WL 6623886 (declining to transfer venue in an FTCA case from the district where the plaintiff resided to one of the two districts where the alleged medical negligence within the BOP occurred). As to witness convenience and access, the court observes that, other than the plaintiff, the witnesses appear to be employees under the control of the Bureau of Prisons rather than third-party medical provider witnesses. Moreover, severing the claims and potentially requiring witnesses to present testimony in two forums about the plaintiff's injuries and treatment does not further the goal of convenience to either the witnesses or the parties. The interests of justice would also not be served by requiring the plaintiff to litigate his claims in two forums and compel testimony in two districts when all of the evidence relates to his treatment for a single injury sustained in this district.

---

[2] As the plaintiff points out, what the Government seeks to do here is not to sever a claim as contemplated under Rule 21, but rather to create two claims in each instance where the plaintiff has alleged only one. (See Pl.'s Resp. Opp'n at 2, ECF No. 17 at 2) ("Plaintiff appropriately pled Defendant's conduct in the two states as unified claims: the actions were committed by the same Defendant related to the same injury as part of a single, continuous course of conduct.") (citing Beattie v. United States, 756 F.2d 91, 101 (D.C. Cir. 1984) (venue proper under 28 U.S.C. § 1402(b) where acts occurred in two places but could "accurately be described as a single cause of action with two grounds for relief" and those grounds were "identical as to parties and very similar as to proof") abrogated on other grounds by Smith v. United States, 507 U.S. 197 (1993)).

PJG

The Government's arguments to the contrary are not availing. While it argues that the alleged delay in treatment of the plaintiff's injury was greater at its North Carolina facility than the delay alleged at the South Carolina facility, the fact remains that venue is proper here. And, despite the Government's efforts to parse its agents' acts or omissions into separate claims and characterize them like a <u>Bivens</u> case where the doctors and medical providers are often named as individual defendants, here the actors are employee witnesses of the BOP whose acts or omissions all constitute part and parcel of the same claims against one defendant. Litigating those claims in two different districts could also present a risk of inconsistent rulings, jury confusion, and prejudice to the plaintiff. Finally, although the Government argues that the court will have to apply the law of North Carolina and South Carolina separately to consider the plaintiff's claims, it identifies no meaningful distinction warranting bifurcation and transfer.

Accordingly, the defendant's motion (ECF No. 16) is denied.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 8, 2019
Columbia, South Carolina